UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00078-GNS

DEANNA MAUPIN                                                                                                          PLAINTIFF

v.

AUTOZONE, INC., et al.                                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 8). For the reasons outlined below, the motion is **DENIED**.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiff Deanna Maupin ("Maupin") filed the instant action in Jefferson (Kentucky) Circuit Court as a result of a motor vehicle collision in May 2018 involving herself and Defendant Ethan M. Dyer ("Dyer"). (Compl. ¶ 10, DN 1-1). The Complaint alleges that Dyer is a resident of Kentucky, "to the best of this Plaintiff's knowledge and belief . . . ." (Compl. ¶ 4). Dyer filed a notice of removal with this Court, stating that he "is a citizen of Ohio for purposes of determining diversity." (Notice Removal ¶ 7, DN 1). Maupin subsequently moved to remand this matter on the basis of a lack of diversity. (Pl.'s Mot. Remand 2, DN 8).

### II.    STANDARD OF REVIEW

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has "original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

The subject matter jurisdiction of a case is determined at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000) (citation omitted). "[A] district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Schilmiller v. Medtronic, Inc.*, 44 F. Supp. 3d 721, 724 (W.D. Ky. 2014) (citation omitted). "[R]emoval statutes are to be strictly construed, and doubts regarding the propriety of removal should be resolved in favor of remanding the case to state court." *Smith v. Giant Food, LLC*, 931 F. Supp. 2d 717, 721 (D. Md. 2013) (citation omitted). "[A]ny disputed questions [of] fact and [all] ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (first and third alterations in original) (internal quotation marks omitted) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

### III.  DISCUSSION

Diversity jurisdiction requires complete diversity, meaning that no plaintiff and no defendant are citizens of the same state both at the time the case is commenced and at the time the notice of removal is filed. 28 U.S.C. § 1332(a)(1); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted). "When a case is removed to federal court, it is subject to remand under 28 U.S.C. § 1447(c) for either jurisdictional or procedural defects in the removal." *Hackworth v. Guyan Heavy Equip., Inc.*, 613 F. Supp. 2d 908, 912 (E.D. Ky. 2009). "Unlike jurisdictional defects, however, procedural defects do not affect the court's underlying

authority. Rather, procedural defects go solely to the process by which a case is removed." *Id.* (citation omitted)

Maupin argues that because Dyer's notice of removal does not establish the state of his citizenry at the time the case was filed, the court does not properly have jurisdiction based on party diversity. (Pl.'s Mot. Remand 2). For removal to be proper, Dyer is required to establish that at the time the case was removed *and* at the time the action was commenced that the parties were diverse. *Jerome-Duncan, Inc.*, 176 F.3d at 907. In the Notice of Removal, Dyer stated that he "is a citizen of Ohio for purposes of determining diversity." (Notice Removal ¶ 7). For all other parties, however, Dyer states either that the party "is now and was for all relevant times" or "at the time of the commencement of this action, and ever since" was a citizen of a certain state. (Notice Removal ¶¶ 6-10). Dyer fails to establish in the Notice of Removal that at the time the action was commenced he was not a citizen of Kentucky. Therefore, the Notice of Removal was deficient.

Where jurisdiction is not properly alleged, as here, 28 U.S.C. § 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The statute is interpreted "[to address] only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). The Supreme Court interpreted this statute to be consistent with its predecessor statute, which would permit jurisdiction to be had where it does, in fact, exist at the time the suit was filed, even if it is "defectively alleged." *Id.* (citation omitted).

The defect in Dyer's Notice of Removal is one of procedure as diversity jurisdiction exists in fact, but there is an issue with the form in which it was removed. Dyer, in his response to the motion to remand, attaches a declaration stating that while he was a resident of Kentucky when the accident occurred, he was a resident of Ohio when the lawsuit was filed and remains there

3

today. (Def.'s Resp. Pl.'s Mot. Remand 1, DN 12-1). Dyer "requests that his Declaration serve as an amendment, pursuant to 28 U.S.C. § 1653, to cure any perceived procedural defect in his removal pleadings." (Def.'s Resp. Pl.'s Mot. Remand 2). The Supreme Court's opinion in *Newman-Green* is instructive. The notice of removal in *Newman-Green* was defective in that it did not allege the state of citizenship of a particular defendant. *Id.* at 829. The defendant in question was a United States citizen, but not a citizen of any particular state. *Id.* The Supreme Court found that had the defendant *actually* been domiciled in a state diverse from the plaintiff or if he was not a citizen at all, the notice of removal merely would have been defective due to its missing allegation and Section 1653 would apply to permit amendment to cure. *Id.* at 831.[1] There is no evidence in the record to dispute Dyer's assertion that at the time the action was filed, he was a resident of Ohio.

Maupin points to *Hubbard v. Tripp*, 611 F. Supp. 895 (E.D. Va. 1985), in which the court noted:

> The sworn petition for removal avers that defendant was a citizen of New York and plaintiff was a citizen of Virginia *at the time of removal*. Neither the complaint filed in State court nor the petition [to remove] filed in this Court specifies the citizenship of either defendant or plaintiff as of the time of filing of the complaint . . . in the State court.

*Id.* at 896. While defective allegations may be cured once the thirty-day period for removal has passed, a party may not supply missing allegations in order to establish federal jurisdiction. *Id.* (citation omitted). Maupin also cites *Van Horn v. Western Electric Co.*, 424 F. Supp. 920 (E.D.

---

[1] Maupin suggests that Dyer's amendment, if permitted, would also be insufficient as it only establishes *residency* rather than citizenship, citing *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009). In that case, however, the court was summarizing the lower court's ruling which held that an allegation of residency rather than citizenship was insufficient. *Id.* at 1298. The Eleventh Circuit found that the district court erred because it was faced only with a procedural defect for which federal jurisdiction existed in fact but was merely insufficiently alleged. *Id.*

Mich. 1977), which stands for the proposition that allowing Dyer to amend the notice to now add his domicile at the time the action was filed would vest this Court with jurisdiction it did not have at the time of removal beyond the permitted time period to remove. *Id.* at 925.

The Supreme Court's reasoning in *Newman-Green*, decided after both *Hubbard* and *Van Horn*, permits removal in this instance. Based on Dyer's declaration, jurisdiction in fact existed at the time of removal and Section 1653 would permit amendment to cure the procedural deficiency. The view advanced by Maupin, "would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968). Accordingly, Dyer is permitted to amend the Notice of Removal to satisfy the procedural requirements for diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 8) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

June 21, 2022

cc: counsel of record